UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARDON, LLC, *et al.*,[1] | ) | Case No. 13-81372 (TML) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

**INTERIM ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN INTERIM ORDER (I) AUTHORIZING THE USE OF THE CASH COLLATERAL OF FIRSTMERIT BANK, N.A.; (II) APPROVING THE GRANT OF ADEQUATE PROTECTION IN THE FORM OF REPLACEMENT LIENS; (III) DECLARING THAT FIRSTMERIT BANK, N.A. IS OTHERWISE ADEQUATELY PROTECTED DURING THE SHORT INTERIM PERIOD; AND (IV) SCHEDULING A FINAL HEARING ON APPLICATION FOR AUTHORIZATION TO USE OF CASH COLLATERAL OF <u>FIRSTMERIT BANK, N.A.</u>**

This core proceeding coming before the Court on the Debtors' Emergency Motion Pursuant to 11 U.S.C. §§ 361, 362 and 363 and Federal Rule of Bankruptcy Procedure 4001 for Interim Order (I) Authorizing Use Of Cash Collateral of FirstMerit Bank, N.A.; (II) Approving the Grant of Adequate Protection in the Form of Replacement Liens; (III) Declaring that the Bank is Otherwise Adequately Protected During the Short Interim Period; and (IV) Scheduling a Final Hearing On Application for Authorization to Use of Cash Collateral of FirstMerit Bank, N.A. (the "Motion"),[2] and the Debtors having stipulated to the Court that the Debtors and their estates will suffer immediate and irreparable harm if the interim relief as set forth herein is not granted, that the Debtors having stipulated to the Court that the Motion, to the extent granted herein, is otherwise in the best interests of the Debtors, their estates, their creditors and other

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Chardon, LLC (8166), Chardon II, LLC (3647), Intervest, LLC (9931), The Rink of Crystal Lake, Inc. (2698), Wolf Business Center, Inc. (0099), Wolf Family Partnership, LLC (6057), Wolf Investments, Inc. (4966), and Wolf Professional Center Corporation (4963).

[2] Capitalized terms not otherwise defined in this Order shall have the meanings set forth in the Motion.

parties-in-interest and that FirstMerit, being the only entity known by the Debtors to assert an interest in the FM Cash Collateral, has consented to the relief for the limited time and on the conditions as set forth herein; and the Debtors stipulating to the Court that a genuine emergency would arise if consideration of the relief granted herein were delayed; that the Debtors stipulated to the Court that notice of the Motion was good and sufficient under the circumstances, and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The interim relief requested in the Motion is GRANTED as and to the extent set forth herein.

2. The FirstMerit Borrowers are authorized to use the FM Cash Collateral for only those categories of expenses listed in the Budget attached hereto as **Exhibit A**, and shall not use the FM Cash Collateral for any of the following categories or items: professional fees, management fees, commission expenses, tenant buildout expenses, and salaries/payroll (the "Excluded Categories").  The Debtors shall not voluntarily contract for any administrative expense claims other than as set forth in the Budget.  Unless otherwise authorized by order of the Court, the Debtors shall not use the FM Cash Collateral for payment of any pre-petition indebtedness or obligations of, or pre-petition claims against, the Debtors.  Nothing contained herein is intended to provide, or shall be construed to imply, that by inclusion of the Budget as an exhibit hereto, FirstMerit has waived any right to object to any use of the FM Cash Collateral by the Debtors except as otherwise expressly authorized herein.  Additionally, nothing herein shall be deemed to waive, release, impair, otherwise prejudice the Debtors' ability to seek payment of any amounts, including, but not limited to, items described above in the Excluded Categories, in

one or more subsequent stipulations, interim orders, or in any final order providing for use of cash collateral.

3. In addition to the existing rights and interests of FirstMerit in the FM Cash Collateral and for the purpose of attempting to provide adequate protection for the interests of FirstMerit, The FirstMerit Borrowers shall grant to FirstMerit replacement liens (the "Replacement Liens") with the same validity and priority on all rents and all Properties (including, without limitation, after acquired property of the estate) of the same kind and nature on which FirstMerit had a duly perfected and valid lien and security interest on a prepetition basis, with any such liens and security interests to be automatically perfected without further action by the Debtors or FirstMerit.

4. In addition to the <u>Replacement Liens</u> granted to FirstMerit pursuant to this Order, FirstMerit is hereby granted a super-priority administrative claim under Sections 503(b)(1), 507(a), and 507(b) of the Bankruptcy Code (the "<u>507(b) Claims</u>") for the amount by which the adequate protection afforded herein for the Debtors use of the FM Cash Collateral proves to be inadequate. Such 507(b) Claims shall have priority over all other costs and expenses of the kind specified in or ordered pursuant to Sections 105, 326, 330, 331, 503(b), 506(c), 507(a), 507(b) or 726 of the Bankruptcy Code.

5. Pursuant to the FirstMerit Borrowers grant of the Replacement Liens and the 507(b) Claims, FirstMerit is deemed adequately protected during the Interim Period.

6. The FirstMerit Borrowers' use of Cash Collateral ("Interim Cash Collateral Uses") as set forth above is authorized only through May 31, 2013 (the "Interim Expiry Date"). The FirstMerit Borrowers shall cease using the FM Cash Collateral after the Interim Expiry Date unless otherwise agreed to by FirstMerit or otherwise authorized by this Court.

7. The FirstMerit Borrowers and FirstMerit may mutually agree to amend the Interim Cash Collateral Uses at any time prior to the Final Hearing without further order of the Court.

8. The FirstMerit Borrowers and their agents are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

9. The entry of this Order is without prejudice to FirstMerit's right to object to any other motions filed by the Debtors or any other relief sought by the Debtors or to seek affirmative relief in this Bankruptcy Case, including (i) seeking relief from stay or the conversion or dismissal of these Bankruptcy Cases or (ii) if, after the initiation of this Chapter 11 case, the Debtors seek authority from this Court to obtain credit advances with a priority senior or equal to that afforded FirstMerit as provided herein. To the extent that the Debtors seek such authority and to the extent that an Order is entered permitting the establishment of such senior credit advances, the Debtors' authority to use the FM Cash Collateral provided herein shall be automatically terminated.

10. The FirstMerit Borrowers: (i) shall provide FirstMerit access, upon reasonable request, to its facilities, books, and records during their normal business hours and shall allow FirstMerit to inspect and review such books and records and any and all properties of FirstMerit Borrowers upon request; (ii) shall provide monthly financial statements and other monthly financial information requested by FirstMerit in a form reasonably acceptable to FirstMerit on or before the 10th day following the end of the month to which the statement and information refers; and (iii) shall provide annual financial statements in a form reasonably satisfactory to FirstMerit. The FirstMerit Borrowers shall provide FirstMerit on a monthly basis a written accounting of

their use of the FM Cash Collateral during the preceding month, such accountings to be presented by the FirstMerit Borrowers to FirstMerit no later than the 10th day after the close of the month. In addition, the FirstMerit Borrowers shall provide all information, documentation, and reports to FirstMerit as to the FirstMerit Borrowers' cash and rent rolls as shall be reasonably requested by FirstMerit on a monthly basis. FirstMerit Borrowers also shall continue to comply with the reporting requirements, if any, contained in the FirstMerit Loan Documents.

11. Should the Debtors use the FM Cash Collateral for a purpose not authorized herein, FirstMerit's liens and other security interests shall automatically attach to any assets acquired with such FM Cash Collateral to the same extent and with the same priority as the pre-petition liens and security interests would have attached thereto.

12. A Final Hearing on the Debtors' Motion is not yet set, however a status hearing has been set for May 15, 2013 at 1:30 p.m. Such date may be adjourned or continued by the Court without further notice other than that given in open court. The findings, conclusions, or orders set forth herein are made on an interim basis, shall not constitute a final decision on any legal or factual issue, and are without prejudice to the right of any party to raise, contest, or seek the same or a different outcome at any subsequent hearing.

13. Within three (3) business days following entry of this Interim Order, the Debtors shall serve a copy of this Interim Order and notice of the date and time for the Final Hearing by first-class mail upon: (a) counsel to FirstMerit and any other parties know to have an interest in the FM Cash Collateral; (b) the Debtors' twenty (20) largest unsecured creditors; (c) the Office of United States Trustee for the Northern District of Illinois; (d) any party that has appeared and requested notice in the Case; and (e) any other party as directed by the Court.

14. This Interim Order is effective immediately.

Dated: May \_\_\_\_, 2013

_____
UNITED STATES BANKRUPTCY JUDGE