**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARDON, LLC, *et al*.,[1] | ) | Case No. 13-81372 (TML) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hearing Date:   November 25, 2013 |
| | ) | Hearing Time:   11:00 a.m. |
| | ) | |

**NOTICE OF AGREED FINAL ORDER (I) AUTHORIZING USE OF
CASH COLLATERAL IN WHICH OLD SECOND NATIONAL BANK
ASSERTS AN INTEREST AND (II) GRANTING ADEQUATE
PROTECTION TO OLD SECOND NATIONAL BANK**

To:   ALL PARTIES ON THE ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on April 30, 2013, [Dkt. No. 25], Debtors Chardon, LLC, Wolf Business Center, Inc., and Wolf Family Partnership, LLC (collectively, the "Old Second Borrowers"), filed a motion (the "Cash Collateral Motion") seeking authority for use of the cash collateral ("Cash Collateral") of Old Second National Bank ("Old Second") on an interim basis, in order to allow the Old Second Borrowers and Old Second to attempt to negotiate a stipulation for entry of a final order authorizing use of cash collateral or otherwise to seek a final order approving the use of the Old Second Collateral on a longer-term basis.

PLEASE TAKE FURTHER NOTICE that since the filing of the Cash Collateral Motion, the parties have entered into a series of interim agreements and orders for the use of Cash Collateral on a month-by-month basis. [*See, e.g*., Dkt. Nos. 51, 116, 173, 263, and 368]

PLEASE TAKE FURTHER NOTICE that after the Old Second Borrowers' investigation and review of documents and other information, including documents voluntarily produced by Old Second, the parties have negotiated the terms of a final order ("Final Order") authorizing use of Cash Collateral, a copy of which is attached hereto for reference purposes at **Exhibit A**. A hearing for the Old Second Borrowers' use of Cash Collateral has been set for **November 25, 2013 at 11:00 a.m** ("Hearing Date").

Pursuant to the requirements set forth in Local Bankruptcy Rule ("L.B.R.") 4001-2, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Chardon, LLC (8166), Chardon II, LLC (3647), Intervest, LLC (9931), The Rink of Crystal Lake, Inc. (2698), Wolf Business Center, Inc. (0099), Wolf Family Partnership, LLC (6057), Wolf Investments, Inc. (4966), and Wolf Professional Center Corporation (4963).

Old Second Borrowers make the following disclosures of provisions contained in the Final Order with references to the specific provisions of the Final Order containing the same:

| | | |
|---|---|---|
| L.B.R. 4001-2.A.(2)(a) | Provisions that grant cross-collateralization protection (other than replacement liens or other adequate protection) to the pre-petition secured creditors (i.e., clauses that secure pre-petition debt by post-petition assets in which the secured creditor would not otherwise have a security interest by virtue of its pre-petition security agreement or applicable law). | None. |
| L.B.R. 4001-2.A.(2)(b) | Provisions or findings of fact that bind the estate or all parties in interest with respect to the validity, perfection or amount of the secured creditor's pre-petition lien or debt or the waiver of claims against the secured creditor without first giving parties in interest at least 75 days from the entry of the order and the creditors' committee, if formed, at least 60 days from the date of its formation to investigate such matters. | Final Order, ¶ 21, pp. 14-15. |
| L.B.R. 4001-2.A.(2)(c) | Provisions that seek to waive any rights the estate may have under §506(c) of the Bankruptcy Code. | Final Order, ¶ 8, p. 9. |
| L.B.R. 4001-2.A.(2)(d) | Provisions that immediately grant to the pre-petition secured creditor liens on the debtor's claims and causes of action arising under §§544, 545, 547, 548, and 549 of the Bankruptcy Code. | None |
| L.B.R. 4001-2.A.(2)(e) | Provisions that deem pre-petition secured debt to be post-petition debt or that use post-petition loans from a pre-petition secured creditor to pay part or all of that secured creditor's pre-petition debt, other than as provided in §552(b) of the Bankruptcy Code. | None |
| L.B.R. 4001-2.A.(2)(f) | Provisions that provide treatment for the professionals retained by a committee appointed by the United States Trustee different from that provided for the professionals retained by the debtor with respect to a professional fee carve-out, and provisions that limit the committee counsel's use of the carve-out. | None |
| L.B.R. 4001-2.A.(2)(g) | Provisions that prime any secured lien, without the consent of that lienor. | None |
| L.B.R. 4001-2.A.(2)(h) | A declaration that the order does not impose lender liability on any secured creditor. | Final Order, ¶ 20, p. 14. |
| L.B.R. 4001-2.A.(2)(i) | Provisions that grant the lender expedited relief from the automatic stay in § 362 of the Bankruptcy Code, or relief from the automatic stay without further order of court. | None |

| L.B.R. 4001-2.A.(2)(j) | In jointly administered cases, provisions for joint and several liability on loans. | None |

In accordance with L.B.R. 4001-2.A.(3), below is a summary of all provisions highlighted under L.B.R. 4001-2.A.(2) and a summary of the essential terms of the proposed use of Cash Collateral:

| **Summary** | **Section** |
|---|---|
| The Final Order provides for the Old Second Borrowers to waive and not assert any surcharge claims (including as a setoff) against Old Second under section 506(c) of the Bankruptcy Code or otherwise, without the prior written consent of Old Second. | Final Order, ¶8, p. 9. |
| The Final Order provides for the release and discharge by and behalf of the Debtors and their successors and assigns of any claims, demands, damages, causes of action, including any "lender liability" claims against Old Second. | Final Order, ¶ 20, p. 14. |
| The Final Order describes the obligations of each of the Old Second Borrowers to Old Second and the property securing such obligation. Additionally, the Final Order describes the obligation of NGK International Development ("NGK") to Old Second, which is secured by the Properties. The Final Order contains an acknowledgement of the Old Second Borrowers' indebtedness to Old Second, along with the validity and priority of any liens and encumbrances. The Final Order further contains an acknowledgement of the validity and priority of Old Second's liens on the Properties securing the NGK Obligation. | *See, e.g.,* Final Order, ¶¶ I-P, pp. 2-5. |
| The Final Order provides a mechanism, in the form of submission of Monthly Budgets, variances, review and objection period, for the Old Second Borrowers' continued use of cash collateral. | *See, e.g.,* Final Order, ¶¶ 3-5, pp. 6-8. |
| The Final Order provides and describes the adequate protection being granted to Old Second in the form of Replacement Liens and 507(b) Claims. | Final Order, ¶¶ 13-14, p. 11. |
| The Final Order provides parties-in-interest, other than the Debtors, with an Investigation Period that is forty-five (45) days from the entry of the Final Order in which to bring actions challenging, among other things, the amount, validity, enforceability, perfection or priority of the Prepetition Obligations or Old Second's liens concerning the Prepetition Collateral. | Final Order, ¶ 21, pp. 14-15. |

      PLEASE TAKE FURTHER NOTICE that a hearing on the Final Order has been set for **November 25, 2013 at 11:00 a.m** ("Hearing Date") at which time, if there are no objections, the Court may approve the Final Order.

Dated: November 18, 2013          CHARDON, LLC, *et al.*

                          By: /s/ *Neal L. Wolf*
                              Neal L. Wolf (ARDC No. 6186361)
                              Folarin S. Dosunmu (ARDC No. 6282775)
                              NEAL WOLF & ASSOCIATES, LLC
                              155 N. Wacker Drive, Suite 1910
                              Chicago, IL 60606
                              Tel:    (312) 228-4990
                              Fax:   (312) 228-4988
                              Email:  nwolf@nealwolflaw.com
                                                 fdosunmu@nealwolflaw.com

                              *Proposed Attorneys for the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

    I, Folarin S. Dosunmu, an attorney, hereby certify that I caused a true and correct copy of the foregoing (A) NOTICE OF AGREED FINAL ORDER (I) AUTHORIZING USE OF CASH COLLATERAL IN WHICH OLD SECOND NATIONAL BANK ASSERTS AN INTEREST AND (II) GRANTING ADEQUATE PROTECTION TO OLD SECOND NATIONAL BANK; AND (B) FINAL ORDER to be served on the parties below, by the methods indicated, on November 18, 2013.

### VIA CM/ECF NOTICE

| | |
|---|---|
| Patrick S. Layng<br>U.S. Trustee (Region 11)<br>219 S. Dearborn Street, Suite 873<br>Chicago, IL 60604<br>Fax: (312) 886-5794 | Gus A. Paloian<br>Jason J. DeJonker<br>Christopher J. Harney<br>James Sowka<br>Seyfarth Shaw LLP<br>131 South Dearborn Street<br>Chicago, IL 60603 |
| Jerry L. Switzer, Jr.<br>Jean Soh<br>Polsinelli PC<br>161 N. Clark Street, Suite 4200<br>Chicago, IL 60601 | Mark Radtke<br>Shaw Fishman<br>321 N. Clark Street, Suite 800<br>Chicago, IL 60654 |

### VIA FIRST CLASS MAIL

McHenry County Collector
2200 N. Seminary Avenue
Woodstock, IL 60098

                                            /s/ Folarin S. Dosunmu
                                                Folarin S. Dosunmu