# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CHARDON, LLC, *et al.*,[1] ) | Case No. 13-81372 (TML) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | **Hearing Date: January 27, 2016** |
| ) | **Hearing Time: 10:30 a.m.** |

## SUMMARY OF FIRST AND FINAL APPLICATION OF
## NEAL WOLF & ASSOCIATES, LLC AND MUCH SHELIST, P.C., COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION, FOR
## ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | |
|---|---|
| Name of Applicant: | Neal Wolf & Associates, LLC ("NW&A") and Much Shelist, P.C. ("Much Shelist")[2] |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Name of Certifying Professional: | Neal L. Wolf |
| Date of Employment: | Effective April 17, 2013 by Order entered September 2, 2015 |
| Periods for Which Allowance of Compensation and Reimbursement of Expenses is Sought: | **Neal Wolf & Associates, LLC:** April 17, 2013 through February 16, 2014<br><br>**Much Shelist, P.C.:** February 17, 2014 through December 23, 2015 |
| Amount of Compensation and Expenses Sought: | **Neal Wolf & Associates, LLC:** $713,002.00 (Comp.); $11,863.18 (Exp.)<br><br>**Much Shelist, P.C.:** $1,116,190.50 (Comp.); $14,279.94 (Exp.) |

---

[1] The Corporate Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Chardon, LLC (8166), Chardon II, LLC (3647), Intervest, LLC (9931), The Rink of Crystal Lake, Inc. (2698), Wolf Business Center, Inc. (0099), Wolf Family Partnership, LLC (6057), Wolf Investments, Inc. (4966), and Wolf Professional Center Corporation (4963). The chapter 11 cases of Donald Wolf, Sr., Donald Wolf, Jr. and David Wolf (together, the "Individual Debtors") are jointly administered with the cases of the Corporate Debtors.

[2] Neal L. Wolf and certain of the attorneys with NW&A joined Much Shelist effective February 17, 2014.

This is the First and Final Application of NW&A and Much Shelist, counsel to the Debtors and Debtors-in-Possession, for Allowance of Compensation and Reimbursement of Expenses. No prior interim fee application has been filed on behalf of NW&A or Much Shelist. The Applicants were formally employed as counsel to the Corporate Debtors on September 2, 2015, effective as of April 17, 2013.

Dated: January 5, 2016                Respectfully submitted,

                                                NEAL WOLF & ASSOCIATES, LLC and
                                                MUCH SHELIST, P.C.

By:    /s/ *Neal L. Wolf*
      Neal L. Wolf (ARDC No.6186361)
      MUCH SHELIST, P.C.
      191 North Wacker Drive, Suite 1800
      Chicago, Illinois 60606
      Main:   (312) 521-2000
      Fax:     (312) 521-2100
      Email:  nwolf@muchshelist.com

*Attorneys for the Debtors and Debtors-in-Possession*

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CHARDON, LLC, *et al.*,[3] ) | Case No.  13-81372 (TML) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | **Hearing Date:  January 27, 2016** |
| ) | **Hearing Time:  10:30 a.m.** |

**FIRST AND FINAL APPLICATION OF NEAL WOLF & ASSOCIATES, LLC AND MUCH SHELIST, P.C., COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION AND <u>REIMBURSEMENT OF EXPENSES</u>**

Pursuant to sections 330(a) and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Bankruptcy Rules (the "Local Rules"), and applicable provisions of the United States Trustee's Guidelines, Neal Wolf & Associates, LLC ("NW&A") and Much Shelist, P.C. ("Much Shelist" and together with NW&A, the "Applicants"), counsel to the Debtors and Debtors-in-Possession in the above-captioned cases (collectively, the "Corporate Debtors"), respectfully submit their First and Final Application for Allowance of Compensation and Reimbursement of Expenses (the "Application") for the period from April 17, 2013 through December 23, 2015 (the "Application Period").

During the Application Period, Mr. Neal L. Wolf ("Wolf") was affiliated with two law firms, NW&A, of which Wolf was the sole member, and Much Shelist, of which Wolf is an equity partner.  On February 17, 2014, Wolf and certain of his colleagues at NW&A joined

---

[3]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, include:  Chardon, LLC (8166), Chardon II, LLC (3647), Intervest, LLC (9931), The Rink of Crystal Lake, Inc. (2698), Wolf Business Center, Inc. (0099), Wolf Family Partnership, LLC (6057), Wolf Investments, Inc. (4966), and Wolf Professional Center Corporation (4963).

Much Shelist.  This Application will be divided into two periods – the NW&A Period and the Much Shelist Period.

*The NW&A Period.*  The NW&A Period covers the period from April 17, 2013 through February 16, 2014.  The reasonable value of services rendered by NW&A during the Application Period is $713,002.50, representing 2,020.90 hours.  NW&A also seeks reimbursement of actual and necessary expenses incurred in the amount of $11,863.18.

*The Much Shelist Period.*  The Much Shelist Period covers the period from February 17, 2014 through December 23, 2015.  The reasonable value of services rendered by Much Shelist during the Application Period is $1,116,190.50, representing 2,676 hours.  Much Shelist also seeks reimbursement of actual and necessary expenses incurred in the amount of $14,279.94.

The categories of legal work performed by both NW&A and Much Shelist are summarized in the following chart:

| CATEGORY[4] | NW&A | MUCH SHELIST |
|---|---|---|
| General | 787.50 | 340.70 |
| Schedules/SOFAs/First Mtg. of Creditors | 115.20 | |
| Stay Relief Motions | 1.20 | |
| Employment and Fee Applications | 316.10 | 79.80 |
| Plan and Disclosure Statement | 179.00 | 647.40 |
| Executory Contracts and Leases | 3.50 | |
| Injunctive Lawsuits | 103.40 | |
| Claims and Objections | 15.40 | 2.90 |
| Use of Cash Collateral | 445.90 | |
| Travel | 53.70 | |
| Cash Collateral & DIP Financing | | 200.50 |
| Communications with Creditors | | 2.40 |
| Asset Sales | | 228.40 |
| Financial Reporting | | 58.30 |
| Litigation | | 1,115.60 |

---

[4] NW&A and Much Shelist utilized different activity category and/or numbers to organize the time billed.

In support of this Application, the Applicants rely upon, and incorporate by reference, the exhibits attached hereto and as more fully described below. In further support, the Applicants state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the matters raised in this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (M).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On April 17, 2013 (the "Petition Date"), each of the eight (8) Corporate Debtors, affiliates of one another, commenced a separate voluntary chapter 11 case (collectively, the "Corporate Debtors' Cases") in the United States Bankruptcy Court for the Northern District of Illinois, Western Division (the "Court"). The Chapter 11 Cases are being jointly administered as *In re Chardon, LLC, et al*. [Docket No. 35].

4. Since the Petition Date, the Corporate Debtors have complied with their reporting and fiduciary obligations as debtors-in-possession under the Bankruptcy Code.

5. The Court entered a number of orders in the Corporate Debtors' Cases that were essential to the continued operation of the Debtors in bankruptcy, including: (i) the May 9, 2013 Order granting joint administration [Docket No. 35], (ii) the May 9, 2013 Order approving the Debtors' continued use of their cash management system [Docket No. 41], and (iii) as of the filing of this Application, thirty-two (32) Interim Orders Authorizing the Use of Cash Collateral.

6. On May 17, 2013, the Corporate Debtors filed their application to employ Wolf and NW&A as its counsel [Docket No. 56].[5]

7. On or about May 29, 2013, two (2) of the Corporate Debtors' secured lenders, FirstMerit Bank, N.A. ("FirstMerit") and ColFin BAMO II Funding A, LLC ("ColFin"), together with the U.S. Trustee, filed objections to the Corporate Debtors' application to employ Wolf and NW&A.

8. On June 1, 2013, the Corporate Debtors filed their bankruptcy schedules and statements of financial affairs [Docket Nos. 77 - 92].

9. On August 1, 2014, this Court entered an order approving a certain settlement agreement between the Corporate Debtors and ColFin and overruling the objection of FirstMerit [Docket No. 816].

10. After extensive discovery requested by FirstMerit, among others, the Court conducted a multi-day trial on, among other things, the Corporate Debtors' application to employ Wolf and FirstMerit's application for the appointment of a chapter 11 trustee during parts of September, October and November, 2014.

11. On December 29, 2014, the Court entered an order approving a certain settlement agreement between the Corporate Debtors and Old Second National Bank ("Old Second") and overruling the objection of FirstMerit [Docket No. 1132].

---

[5] Wolf caused a supplemental declaration to be filed instead of a new retention application on behalf of Much Shelist because of his view of a recent ruling by Bankruptcy Judge Goldgar in the case of *In re Sweports*, Case No. 12-14254. In that case, after Wolf joined Much Shelist, Much Shelist filed a supplemental application seeking retention as bankruptcy counsel for the Corporate Debtors. In that ruling, Judge Goldgar ruled that a supplemental application was unnecessary because the supplemental application did not seek to employ new individual lawyers, but only to employ those lawyers' new firm. Judge Goldgar relied on Local Bankruptcy Rule 2090-5(A)(3), which provides that only individual lawyers, not law firms, may appear in bankruptcy cases. Because the situation was the same in these cases (there was no change in the individual lawyers representing the Corporate Debtors), Wolf did not view a new application as necessary.

12. On May 8, 2015, the Corporate Debtors filed their First Amended Joint, Substantially Consolidating Plan of Reorganization [Docket No. 1293] (the "First Amended Plan") and the Disclosure Statement Relating to the First Amended Plan [Docket No. 1294].

13. On July 1, 2015, the Court denied the Motions of FirstMerit and the United States Trustee for the appointment of chapter 11 trustees.

14. On September 2, 2015, after over two (2) years of highly contested and expensive litigation, this Court entered an order approving the Corporate Debtors' application to employ Wolf and granting employment *nunc pro tunc* to April 17, 2013 [Docket No. 1417].

15. On December 16, 2015, the Court entered an order approving a certain settlement agreement between the Corporate Debtors and FirstMerit [Docket No. 1500].

**APPLICATION OF COMPENSATION & REIMBURSEMENT OF EXPENSES**

16. Due to the extensive litigation and timing associated with the employment of Wolf in the Corporate Debtors' Cases, Wolf has not previously filed any interim applications for compensation. As previously disclosed, there is a balance of $194,558.51 in NW&A's IOLTA's client trust account from a pre-petition retainer received from a non-debtor affiliate of the Corporate Debtors. That retainer has not been drawn on since the commencement of these cases.

17. In connection with the compensation and expenses sought herein, neither NW&A, Much Shelist, or Wolf has received or been promised any compensation for services rendered or to be rendered in any capacity in connection with the Corporate Debtors' Cases other than as set forth herein.

18. To assist the Court, the Corporate Debtors, the U.S. Trustee and the various parties in interest in analyzing NW&A's fees and expenses during the Application Period, the following exhibits are attached hereto and incorporated herein by reference:

7

  a.  In accordance with Local Rule 5082-1(B)(1)(e), **Exhibit A** hereto is a timekeeper summary showing the hourly rate of each attorney and paraprofessional for whom compensation is requested, with the total number of hours expended and total compensation requested for each such attorney and paraprofessional during the Application Period.

  b.  In accordance with Local Rule 5082-1(B)(1)(a), **Exhibit B** hereto is a summary list showing all activity categories into which NW&A organized its work and the total fees in each such category.

  c.  In accordance with Local Rule 5082-1(B)(1)(d), **Exhibit C** hereto is a summary showing each professional who performed work in a given activity category, the hours worked in each activity category by each such professional and the total compensation for that professional in each activity category.

  d.  In accordance with Local Rule 5082-1(B)(1)(b) and (c), **Exhibit D** hereto consists of NW&A's invoices during the Application Period. NW&A has not sought any prior compensation. The invoices describe in detail each activity performed by a billing professional divided by activity category and further show (i) the date the work was performed; (ii) the name of the professional performing the work; (iii) a brief statement showing the nature of the work; and (iv) the time expended on the work in tenth of an hour increments.

  e.  In accordance with Local Rule 5082-1(B)(1)(g), **Exhibit E** hereto is a summary showing NW&A's total expenses for which reimbursement is sought during the Application Period.

  19.  To assist the Court, the Corporate Debtors, the U.S. Trustee and the various parties in interest in analyzing Much Shelist's fees and expenses during the Application Period, the following exhibits are attached hereto and incorporated herein by reference:

      a.      In accordance with Local Rule 5082-1(B)(1)(e), **Exhibit F** hereto is a timekeeper summary showing the hourly rate of each attorney and paraprofessional for whom compensation is requested, with the total number of hours expended and total compensation requested for each such attorney and paraprofessional during the Application Period.

      b.      In accordance with Local Rule 5082-1(B)(1)(a), **Exhibit G** hereto is a summary list showing all activity categories into which Much Shelist organized its work and the total fees in each such category.

      c.      In accordance with Local Rule 5082-1(B)(1)(d), **Exhibit H** hereto is a summary showing each professional who performed work in a given activity category, the hours worked in each activity category by each such professional and the total compensation for that professional in each activity category.

      d.      In accordance with Local Rule 5082-1(B)(1)(b) and (c), **Exhibit I** hereto consists of Much Shelist's invoices during the Application Period.  Much Shelist has not sought any prior compensation.  The invoices describe in detail each activity performed by a billing professional divided by activity category and further show (i) the date the work was performed; (ii) the name of the professional performing the work; (iii) a brief statement showing the nature of the work; and (iv) the time expended on the work in tenth of an hour increments.

      e.      In accordance with Local Rule 5082-1(B)(1)(g), **Exhibit J** hereto is a summary showing Much Shelist's total expenses for which reimbursement is sought during the Application Period.

      f.      In addition to the foregoing exhibits, **Exhibit K** hereto is the Declaration of Neal L. Wolf in support of the Application.

**NARRATIVE SUMMARY**

20. During the Application Period, NW&A performed a variety of service on behalf of the Corporate Debtors, which were categorized into activities and recorded under a series of task codes. In accordance with Local Rule 5082-1(B)(1)(b), the principal activity categories undertaken by NW&A during the Application Period have been categorized according to the subject matter involved, more particularly described as follows:

a. <u>General (Matter #001)</u>. NW&A seeks fees of $254,386.50 with respect to this activity. This activity category pertains to the general administration of the Corporate Debtors' Cases and all work that does not fit within more specific activity categories. During the Application Period, NW&A performed a wide variety of tasks relating to general case administration including, without limitation, (i) the drafting of first day motions, (ii) preparing, reviewing and revising almost three years of Monthly Operating Reports for the eight Corporate Debtors; (iii) numerous in firm conferences to discuss the Corporate Debtors' Cases and strategy, (iv) engaging in extensive discovery practice with FirstMerit and the U.S. Trustee (subpoenas, motions to compel), (v) coordinating and reviewing document production from the Corporate Debtors and from creditors, (vi) reviewing and analyzing numerous motions filed in the Corporate Debtors' Cases (i.e. motions to appoint chapter 11 trustee), (vii) preparing for and attending the 30(b)(6) depositions and various other depositions, (viii) attending many status hearings and conferences in Rockford, IL, and (ix) attending meetings with representatives of the Corporate Debtors in Crystal Lake, IL.

b. <u>Schedules/SOFAs/First Mtg. of Creditors (Matter #002)</u>. NW&A seeks fees of $32,986.50 with respect to this activity. This activity category pertains to preparing and

amending the bankruptcy schedules and the statement of financial affairs for the eight (8) Corporate Debtors and the section 341 meeting of creditors.

        c.        <u>Stay Relief Motions (Matter #003)</u>.  NW&A seeks fees of $679.00 with respect to this activity.  This activity category pertains to issues concerning single asset real estate debtors.

        d.        <u>Employment and Fee Applications (Matter #004)</u>. NW&A seeks fees of $87,497.00 with respect to this activity.  This activity category pertains to, among other things, (i) the preparation of NW&A's employment application and supporting declarations, (ii) reviewing and the drafting of briefs in response to objections filed by FirstMerit, ColFin and the U.S. Trustee with respect to employment, (iii) engaging in extensive discovery related to employment with FirstMerit, ColFin and the U.S. Trustee, (iv) preparing for and attending numerous status conferences on the issue of NW&A's employment, (v) preparing for and attending the deposition of Neal L. Wolf and others, and (vi) the review of expert reports pertaining to employment and fraudulent transfer litigation.

        e.        <u>Plan and Disclosure Statement (Matter #005)</u>.   NW&A seeks fees of $83,872.50 with respect to this activity.  This activity category pertains to the preparation of the Corporate Debtors' initial plan of reorganization and related disclosure statement, attending meetings with representatives of the Corporate Debtors regarding the plan of reorganization, meetings with potential experts to discuss feasibility and plan projections, and the drafting of related motions to extend the exclusivity periods and a motion for substantive consolidation.

        f.        <u>Executory Contracts and Leases (Matter #006)</u>.  NW&A seeks fees of $1,380.50 with respect to this activity.  This activity category pertains to management agreements and leases pertaining to property owned by the Corporate Debtors.

  g. <u>Injunctive Lawsuits (Matter #008)</u>.  NW&A seeks fees of $35,954.50 with respect to this activity.  This activity category pertains to the preparation and prosecution of an adversary complaint against FirstMerit and ColFin seeking injunctive relief.

  h. <u>Claims and Objections (Matter #009)</u>.  NW&A seeks fees of $5,156.50 with respect to this activity.  This activity category pertains to analyzing proofs of claims filed against the Corporate Debtors.

  i. <u>Use of Cash Collateral (Matter #010)</u>.  NW&A seeks fees of $177,593.50 with respect to this activity.  This activity category pertains to (i) the drafting of the Corporate Debtors' motion for use of cash collateral, (ii) communications with counsel for FirstMerit, ColFin and Old Second regarding cash collateral matters, (iii) reviewing and negotiating cash collateral budgets and interim cash collateral stipulations and orders with said creditors, (iv) communications with representatives of the Corporate Debtors regarding the use of cash collateral, and (v) the preparation for and attendance at numerous cash collateral hearings during the Application Period.

  j. <u>Travel (Matter #011)</u>.  NW&A seeks fees of $25,028.00 with respect to this activity.  This activity category pertains to travel time to and from hearings in Rockford, IL, the 341 meetings of creditors in Rockford, IL, numerous meetings at the clients' office and at the offices of RG Javork, and meetings at the offices of Old Second.

  k. <u>Description of Expenses Incurred</u>.  NW&A seeks reimbursement of its actual and necessary expenses incurred in rendering services during the Application Period.  The total amount of expenses for which reimbursement is sought is $11,863.18.  **Exhibit K** hereto is a summary by type of all expenses incurred by NW&A during the Application Period.  NW&A

incurred expenses in connection with copying, postage, court call charges, federal express charges, massager services, conference call charges, and for deposition transcripts.

21. During the Application Period, Much Shelist performed a variety of service on behalf of the Corporate Debtors, which were categorized into activities and recorded under a series of task codes. In accordance with Local Rule 5082-1(B)(1), the principal activity categories undertaken by Much Shelist during the Application Period have been categorized according to the subject matter involved, more particularly described as follows:

a. <u>General (Matter #0011379.0001)</u>. Much Shelist seeks fees of $123,515.50 with respect to this activity category. This activity category pertains to the general administration of the Corporate Debtors' Cases and all work that does not fit within more specific activity categories. This matter pertains to internal meetings and communications about case management and strategy, court appearances for omnibus hearings on various matters, and meetings and conferences with representatives of the Corporate Debtors to discuss case specific matters and strategy.

b. <u>Employment & Fee Applications (Matter #0011379.0002)</u>. Much Shelist seeks fees of $28,983.50 with respect to this activity. This activity category pertains to the merger of NW&A and Much Shelist and the various employment matters associated therewith, the application to employ Farwell, Farwell & Associates, P.C. as special counsel for the Corporate Debtors, and the attendance at hearings regarding same.

c. <u>Plan of Reorganization & Disclosure Statement (Matter #0011379.0003)</u>. Much Shelist seeks fees of $307,562.50 with respect to this activity. This activity category pertains to the development and drafting of the Corporate Debtors' first amended plan of reorganization and the accompanying disclosure statement, meetings with representatives of the Corporate Debtors,

counsel for the individual debtors, and financial advisors to discuss the first amended plan of reorganization and the cash flow projections and issues related thereto, drafting of the Corporate Debtors' motions to extend the exclusivity periods, and the negotiation, documentation and court appearances related to the settlement agreements between the Corporate Debtors and ColFin, Old Second, and FirstMerit.

      d.      <u>Cash Collateral & DIP Financing (Matter #0011379.0004)</u>.  Much Shelist seeks fees of $63,047.00 with respect to this activity.  This activity category pertains to the preparation and negotiation of cash collateral budgets, stipulations and interim and final orders for the use of cash collateral with ColFin, Old Second and FirstMerit and attendance at numerous court hearings regarding cash collateral matters.

      e.      <u>Communications with Creditors (Matter #0011379.0005)</u>.  Much Shelist seeks fees of $1,388.50 with respect to this activity.  This activity category pertains to matters involving the Internal Revenue Service and tax returns.

      f.      <u>Claims Objections (Matter #0011379.0006)</u>.  Much Shelist seeks fees of $1,092.50 with respect to this activity.  This activity category pertains to the investigation of possible defenses to certain proofs of claim filed against the Corporate Debtors' estates.

      g.      <u>Asset Sales (Matter #0011379.0007)</u>.  Much Shelist seeks fees of $78,689.50 with respect to this activity.  This activity category pertains to the negotiation and drafting of documents for the real estate closings associated with the disposition of certain properties under the ColFin and Old Second settlement agreements and certain hearings related to FirstMerit's objections thereto.

h.  <u>Financial Reporting (Matter #0011379.0008)</u>.  Much Shelist seeks fees of $11,947.50 with respect to this activity.  This activity category pertains to reviewing, revising, and filing of the monthly operating reports for the Corporate Debtors.

i.  <u>Litigation (Matter #0011379.0009)</u>.  Much Shelist seeks fees of $499,958.00 with respect to this activity.  This activity category pertains to the highly disputed litigation involving the Corporate Debtors' applications to employ NW&A and Much Shelist and the motions to appoint a chapter 11 trustee in the Corporate Debtors' Cases.  This litigation was extensive, long-lasting and time consuming.  The litigation involved, among other things, extensive discovery and discovery disputes (subpoenas, motions to compel, motions in limine), depositions (including experts and representatives of Much Shelist), preparation of trial exhibits, briefs, privilege logs, a pre-trial statement, pre-trial conferences, numerous court appearances, and an evidentiary hearing.

j.  <u>Description of Expenses Incurred</u>.  Much Shelist seeks reimbursement of its actual and necessary expenses incurred in rendering services during the Application Period.  The total amount of expenses for which reimbursement is sought is $14,279.94.  **Exhibit K** hereto is a summary by type of all expenses incurred by Much Shelist during the Application Period.  Much Shelist incurred expenses in connection with copying, postage, court call charges, federal express charges, massager services, conference call charges, and for deposition transcripts.

## DETAILED STATEMENT OF SERVICES

22.  The Bankruptcy Rules require "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested."  Fed. R. Bankr. P. 2016(a).  The Local Rules permit "[t]he

applicant's detailed time records constitute the detailed statement required by Fed. R. Bankr. P. 2016(a)." Local Rule 5082-1(C).

23. The invoices attached as Exhibits comply with the requirements of Bankruptcy Rule 2016(a) and Local Rule 5082-1(C) because the invoices are divided by tasks and activities that match the narrative descriptions in this Application, and all time entries within the invoices list the date of the work performed, the name of the person performing the work, a brief description of the nature of the work, the time expended on the work in increments of tenth of an hour, and the fee charged for such work.

## BASIS FOR RELIEF

24. Pursuant to sections 330 and 331 of the Bankruptcy Code and the generally applicable criteria with respect to time, nature, extent, and value of services performed, all of the services provided by NW&A and Much Shelist are compensable and the compensation is fair and reasonable. All of the legal services performed by NW&A and Much Shelist during the Application Period were required for the proper representation of the Corporate Debtors in the Corporate Debtors' Cases.

25. Wolf and his colleagues have provided high quality services to the Corporate Debtors in the Corporate Debtors' Cases, which involved substantial litigation, much discovery, many issues, much legal research and drafting of many pleadings, many court appearances, and extensive negotiations. The Applicants have at all times acted in the best interest of the Corporate Debtors. Many of the issues involved complex areas of bankruptcy law. The standard hourly rates charged by the Applicants are reasonable and commensurate with or below those of other bankruptcy attorneys with similar levels of experience. Wolf has, at all times, staffed the Corporate Debtors' Cases leanly, in order to avoid duplication

of effort. The Court should also consider the degree of economic risk Wolf undertook in connection with his representation of the Corporate Debtors.

26. That economic risk has been borne out by the actual facts and circumstances of the Corporate Debtors' Cases.

**NOTICE; NO PRIOR APPLICATION; NO SHARING OF COMPENSATION**

27. 26. The Applicants have served this Application and notice thereof on: (a) the Corporate Debtors; (b) the U.S. Trustee; and (c) any other persons who have formally appeared and requested electronic service in this case pursuant to Bankruptcy Rule 2002 and local rule. The Applicants submit that no other or further notice need be given under the circumstances.

28. In connection with the compensation and expenses sought herein, neither Wolf nor NW&A nor Much Shelist have received or been promised any compensation for services rendered or to be rendered in any capacity in connection with this case other than as set forth herein.

29. No agreement or understanding exists between Wolf or NW&A or Much Shelist and any third party for the sharing of compensation.

**WHEREFORE**, NW&A and Much Shelist respectfully requests that the Court enter an Order: (i) granting the relief requested in the Application; (b) allowing NW&A final compensation in the amount of $713,002.50 and reimbursement of expenses in the amount of $11,863.18, which together aggregate $716,397.68, (ii) allowing Much Shelist final compensation in the amount of $1,116,190.50 and reimbursement of expenses in the amount of $14,279.94, which together aggregate $1,130,470.44, and (iii) granting such other relief as this Court deems necessary and appropriate.

Dated: January 5, 2016

Respectfully submitted,

NEAL WOLF & ASSOCIATES, LLC and
MUCH SHELIST, P.C.

By:   /s/ *Neal L. Wolf*
     Neal L. Wolf (ARDC No.6186361)
     MUCH SHELIST, P.C.
     191 North Wacker Drive, Suite 1800
     Chicago, Illinois 60606
     Main:  (312) 521-2000
     Fax:   (312) 521-2100
     Email: nwolf@muchshelist.com

*Attorneys for the Debtors and Debtors-in-Possession*